# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHAKIMA KELLY,                          )
                                        )
        Appellant                       )
                                        )
    v.                                  )   C.A. No. K22A-11-003 SKR
                                        )
FELTON AUTOMOTIVE GROUP &               )
UNEMPLOYMENT INSURANCE                  )
APPEAL BOARD,                           )
                                        )
        Appellees.                      )

## <u>ORDER</u>

Submitted: April 4, 2023
Decided: June 27, 2023

*Upon Consideration of Appellant's Appeal of the Decision of the Unemployment Insurance Appeal Board*, **AFFIRMED**.


Shakima Kelly, *Appellant, pro se.*

Tasha M. Stevens-Gueh, Esquire, Andrew & Stevens-Gueh, LLC, 115 S. Bedford Street, Georgetown, DE 19947, *Attorney for Appellee Felton Automotive Group.*

Victoria Groff, Esquire, Deputy Attorney General, Department of Justice, 820 N. French Street, Wilmington, DE 19801, *Attorney for Appellee, Unemployment Insurance Appeal Board.*

Victoria Counihan, Esquire, Deputy Attorney General, Department of Justice, 820 N. French Street, Wilmington, DE 19801, *Attorney for the Delaware Division of Unemployment Insurance, a statutory party-in-interest.*


**RENNIE, J.**

# I. INTRODUCTION

Claimant-Appellant Shakima Kelly ("Claimant") appeals a decision of the Unemployment Insurance Appeal Board (the "Board"), which found that Claimant is not eligible to receive unemployment benefits, effective from the week ending May 23, 2022. Upon consideration of the arguments, submissions of the parties, and the record in this case, the Board's decision is upheld.

# II. FACTUAL AND PROCEDURAL HISTORY

1. Claimant was employed by Felton Automotive Group, LLC ("Employer") from May 2020.[1] On May 9, 2022, Claimant informed Employer that she needed to take FMLA (Family and Medical Leave Act) stress leave.[2] On May 12, 2022, Claimant felt sick at work and was admitted to the hospital.[3] That same day, Employer sent an email to Claimant, which included FMLA documents and information about short-term disability.[4]

2. Although Claimant was released to return to work on May 16, 2022,[5] Claimant did not return to work.[6] Instead, on May 22, 2022, Claimant applied for unemployment insurance benefits.[7] The next day, she left a voicemail indicating

---

[1] R. 82.
[2] R. 85.
[3] R. 86.
[4] R. 87.
[5] R. 84. Claimant testified during the hearing before the Appeals Referee that she was released from the hospital and was told that she could return to work on May 16, 2022. *Id.*
[6] R. 87.
[7] R. 180.

that she would come to the Employer's parking lot to retrieve her FMLA paperwork from the receptionist.[8]  In response to the voicemail, Cindy Landis, Employer's Comptroller, called Claimant.[9]  It is disputed whether Claimant was fired during the phone conversation.  Claimant claims that she was fired, while Employer claims that the conversation was strictly related to the FMLA paperwork.[10]  Regardless, Claimant submitted the FMLA documents following the phone conversation.[11]  Thereafter, Landis sent an email to Claimant—approving Claimant's FMLA request from May 23, 2022 to August 15, 2022—to which Claimant did not respond.[12]  Employer also sent its FMLA approval by priority mail, which Claimant received on June 4, 2022.[13]  Claimant started to work for another employer in the second week of June 2022.[14]

3.    On June 10, 2022, after reviewing Claimant's application for unemployment benefits, the Claims Deputy found that she was ineligible for the benefits.  Claimant then appealed.  The Appeals Referee reversed the decision and found that the Claimant was eligible for the benefits.  Employer, thereafter, appealed the Referee's decision to the Board.

---

[8] R. 95.
[9] R. 95–96.
[10] *Compare* Claimant's Opening Br., at 3–4, *and* R. 97–98, *with* Employer's Answering Br., at 3.
[11] R. 117, 164.
[12] R. 170.
[13] R. 120, 171.
[14] R. 44.

4.	After hearing arguments from both parties, the Board, on October 18, 2022, reversed the Referee's decision and found that Claimant was ineligible to receive unemployment benefits.[15]	The Board specifically found that, although Claimant was unemployed as defined under 19 *Del. C.* § 3302(17), Claimant was not qualified for the receipt of unemployment benefits.  The Board explained that Claimant's unemployment was caused by her inability to work due to medical reasons, and thus she is disqualified under the parameters of 19 *Del. C.*§ 3314(8).[16]

5.	On November 4, 2022, Claimant timely appealed the Board's decision to this Court.  On February 3, 2023, Claimant filed her opening brief.  On February 27, 2023, Employer filed its answering brief.  On March 9, 2023, Claimant filed her reply brief.

### III.	PARTIES' CONTENTIONS

6.	Claimant argues that she was terminated and, thus, not employed during the week ending May 23, 2022.[17]	Claimant further contends that her termination preceded her FMLA approval, and hence, the Board erred when it took FMLA into consideration in determining that she was disqualified from unemployment benefits.[18]	Further, she contends that, even if the Board is correct that she was

---

[15] R. 13–14.
[16] *Id.*
[17] Claimant's Opening Br., at 3–4.
[18] *Id.* at 3–6.

4

disqualified from unemployment benefits due to her inability to work, the disqualification ended once she became "able and willing" to work, as she construes 19 *Del. C.* § 3314(8).[19]

7.      Employer agrees that Claimant was statutorily unemployed during the week ending May 23, 2022.[20]  Employer, however, posits that Claimant is still disqualified from receiving the benefits under 19 *Del. C.* § 3314(8), because her unemployment resulted from her medical inability to work and, she failed to present evidence from a doctor showing that she was able to resume work without any restrictions.[21]

## IV.    STANDARD OF REVIEW

8.      On appeal from the Board, this Court's role is limited to determining whether substantial evidence exists to support the Board's decision and to examine the Board's findings and conclusions for legal error.[22]  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[23]  "It is not the appellate court's role to weigh the evidence, determine

---

[19] *Id.*
[20] Employer's Answering Br., at 7.
[21] *Id.* at 8–9.
[22] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265 (Del. 1981); 19 *Del. C.* § 3323(a) ("In any judicial proceeding under this section, the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.").
[23] *Dean v. Perdue Farms, Inc.*, 2014 WL 1228647, at *1 (Del. Super. Mar. 25, 2014) (quotation omitted).

credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[24]

## V.    DISCUSSION

9.    Under 19 *Del. C.* § 3302(17), a claimant may be considered unemployed if she performs no services for which wages are payable or if she works less than normal full-time hours.[25] Applying § 3302(17), the Board correctly found that Claimant was not employed during the week ending May 23, 2022, because she failed to perform any services for Employer.[26]

10.   Moreover, pursuant to 19 *Del. C.* § 3314(8),[27] an individual is disqualified from receiving unemployment benefits when the unemployment is because of her inability to work.[28] "An employee is considered unable to work within the meaning of the statute when [she] is restricted from performing [her]

---

[24] *McManus v. Christina Serv. Co.*, 1997 WL 127953, at *1 (Del. Super. Jan. 31, 1997).

[25] "Unemployment" exists and an individual is "unemployed" in any week during which the individual performs no services and with respect to which no wages are payable to the individual, or in any week of less than full-time work if the wages payable to the individual with respect to such week are less than the individual's weekly benefit amount plus whichever is the greater of $10 or 50% of the individual's weekly benefit amount. 19 *Del. C.* § 3302(17); *see also Husband v. Env't Design, LLC*, 2012 WL 1413595, at *3 (Del. Super. Feb. 3, 2012) (finding that 19 *Del. C.* § 3302(17) provides that "an employee may be eligible for unemployment benefits when he is working fewer hours than he normally works.").

[26] R. 13.

[27] 19 *Del. C.* § 3314(8) ("If it shall be determined by the Department that total or partial unemployment is due to the individual's inability to work. Such disqualification to terminate when the individual becomes able to work and available for work as determined by a doctor's certificate and meets all other requirements under this title.").

[28] *Dean v. Perdue Farms, Inc.*, 2014 WL 1228647, at *2 (Del. Super. Mar. 25, 2014).

normal job duties by [her] doctor due to a physical condition."[29]  "[T]o be considered as 'able and available for work,' Claimant must present documentation or testimony from her doctor indicating that she is released to go back to work *without restriction*."[30]  Claimant's failure to provide any such documentation or testimony from a doctor precludes her ability to prevail on this appeal.

11.    The Board correctly found that Claimant was disqualified from receiving unemployment benefits at the time of her application, because she was restricted from performing her job duties due to her medical condition.  This was evidenced by her request for FMLA.[31]  Claimant did not present any evidence from her doctor to the Board that she was able and available to work.  Accordingly, the Court finds that the Board's decision is supported by substantial evidence and is free from legal errors.

**IT IS SO ORDERED** that the Board's Decision is **AFFIRMED.**

_____
Sheldon K. Rennie, Judge

---

[29] *Brown v. Unemployment Ins. Appeal Bd.*, 2011 WL 863310, at *2 (Del. Super. Feb. 3, 2011).
[30] *See Jackson–Mills v. Carter Racing Stables*, 2012 WL 3025860, at *2 (Del. Super. July 25, 2012) (emphasis in original).
[31] Neither the Board nor the Court considers FMLA as evidence of employment.  Rather, the Board considered Claimant's FMLA request as evidence of her medical condition, and the Court agrees. *See* R. 13–14.